PAI TAVARES, aka PAI TUPAI TAVARES, FIAPAIPAI T.
TAVARES, and FIAPAIPAI TAVARES, Petitioner,

v.

AMERICAN SAMOA GOVERNMENT, Respondent.

High Court of American Samoa
Trial Division

CA No. 87-05

October 28, 2005

Before KRUSE, Chief Justice; SAGAPOLUTELE, Associate Judge; arid
MAMEA, Associate Judge.

Counsel: For Petitioner, David M. Wagner, U`una`i Legal Services
         For Respondent, David Cassetty, Assistant Attorney General

ORDER DENYING APPLICATION TO STAY EXTRADITION

303

## Introduction

Pia Tavares ("Petitioner") filed this petition for *habeas corpus* to test the legality of her arrest and to move the court for her release from custody. The facts, as stated below, come almost exclusively from Petitioner's moving papers.

Petitioner and her husband were married and lived in Hawaii with their two minor children. Sometime in 2002, the couple filed for divorce and a "Stipulated Order for Pre-Decree Relief" was entered by a Hawaiian court on December 13, 2002.[1] The order, apparently granting Petitioner custody of the two children, also included a clause that the children could not be removed from the island of Oahu.[2]

Sometime in either 2004 or early 2005, Petitioner and the minor children left Hawaii for American Samoa. In February 2005, her husband asked the Hawaii courts to issue an order to show cause regarding Petitioner's violation of the 2002 pre-decree order. Because Petitioner was not present at the hearing and apparently was not served, the Hawaii court continued the hearing until March.

Petitioner did not appear at the March hearing either.[3] On March 9, 2005 the Hawaii court granted the husband's motion and issued an extradition order. The Hawaii grand jury later issued an indictment for custodial interference, alleging that Petitioner "knowingly and intentionally" took the children from Hawaii without having the legal right to do so.

On October 25, 2005, acting Governor Aitofele T. Sunia issued a warrant for Petitioner's arrest. Petitioner was taken into custody on October 27, 2005, and filed this habeas petition and motion for expedited hearing.

## Discussion

Extradition from American Samoa is governed entirely by statute. A.S.C.A. § 46.0902 *et seq.* Our statutes place a duty upon the Governor to surrender persons who committed an intentional act in the territory that resulted in a crime in the state demanding the extradition.[4] If the

---

[1] At oral argument it was revealed that the divorce was never finalized, and Petitioner and her husband are apparently still legally married.

[2] Petitioner did not attach a copy of this document to the present motion.

[3] Petitioner contends she was never served with a notice to appear for either the February or March hearings.

[4] A.S.C.A. § 46.0905 governs the surrender of persons charged with a crime and provides that:

The Governor of this territory may also surrender on demand

Governor then issues a warrant, and the warrant complies with due process, then the accused may be arrested pending extradition. While the accused is allowed to file a habeas petition and may demand an expedited hearing under A.S.C.A. § 46.0912(b),[5] the High Court's review is limited to assessing the legality of the warrant and the arrest. We are not

---

> of the executive authority of any other state, any person in this territory charged in such other state in the manner provided in 46.0909 with committing an act in this territory or in a third state intentionally resulting in a crime in the state whose executive authority is making the demand: and the provisions of this chapter not otherwise inconsistent shall apply to such notwithstanding that the accused was not in that state at the time of the commission of the crime and has not fled therefrom.

Section 46.0909 sets out the procedure the Governor must follow if he decides to issue a warrant based pursuant to a state executive's extradition request. It provides:

> If the Governor decides that the demand should be complied with, he shall sign a warrant of arrest which shall be sealed with the territorial seal and be directed to the Attorney General, Public Safety Commissioner, sheriff or other person whom he may think fit to entrust with the execution thereof. The warrant must substantially recite the facts necessary to the validity of its issue.

[5] 46.0912 governs the rights of the accused person. It provides that:

(a) No person arrested upon such warrant may be delivered over to the agent whom the executive authority demanding him has appointed to receive him unless he has been informed of the demand made for his surrender and of the crime with which he is charged. and that he has the right to demand legal counsel.

(b) If the prisoner, his friends or counsel state that he or they desire to test the legality of the arrest, the prisoner shall be taken forthwith before the High Court of American Samoa in this territory, who shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for, notice thereof, and of the time and place of hearing thereon, shall be given to the Attorney General of American Samoa and to the agent of the demanding state.

(c) An officer who delivers for extradition a person in his custody under the Governor's warrant, in disobedience to this section, shall be guilty of a misdemeanor, and shall be fined not more than $1,000, or imprisoned not more than 6 months, or both.

permitted, under A.S.C.A, § 46.0921, to inquire into the accused's guilt or innocence in the underlying action.[6] If the warrant "substantially recite[s] the facts" of the underlying charge, and if the warrant and subsequent arrest otherwise comported with due process, then the accused may be extradited. A.S.C.A. § 46.0909.

Petitioner states that prior to leaving Hawaii she told her husband that she was going back to American Samoa, and that she was taking the children with her. She contends that her husband gave her permission. Now, as part a pattern of emotional and physical abuse, Petitioner contends he initiated the Hawaii action more or less out of spite. She further contends that since she did not have notice of the order to show cause summons, she did not "intentionally" commit a crime in Hawaii.

█ Whether she had her husband's blessing to leave, and whether or not she had notice of the summons, however, are irrelevant. The December 2002 pre-decree order granted Petitioner custody of the children, but prohibited her from taking them off the island of Hawaii. By doing so, Petitioner acted "intentionally" and in violation of the existing court order governing custody. This intentional act resulted in a crime being committed in Hawaii: to wit: two counts of custodial interference. Her husband's alleged permission does not necessarily excuse the Petitioner's violation of the 2002 court order, nor was it, as Petitioner suggests, a valid oral modification of that order.

█ It may well be that Petitioner has compelling reasons for violating the December 2002 order, but that issue is for the Hawaii courts to decide. Regardless, under our extradition statutes, we are not permitted to assess Petitioner's guilt or innocence of the underlying charge. We may only inquire as to whether Petitioner intentionally left Hawaii with the children, and whether the warrant and subsequent arrest comported with due process.[7] In light of this clear standard, and having answered the above questions affirmatively, we deny Petitioner's request to stay the extradition.

---

[6] A.S.C.A. s 46.0921 provides that:
> The guilt or innocence of the accused as to the crime of which he is charged may not be inquired into by the Governor, or in any proceeding, after the demand for extradition accompanied by a charge of crime in legal form as provided in this chapter has been presented to the Governor, except as it may be involved in identifying the person held as the person charged with the crime.

[7] Petitioner does not challenge sufficiency of the warrant, nor the validity of her arrest as not being made in accordance with due process.

Additionally, Petitioner makes two alternative requests. First, she asks the court to invoke emergency jurisdiction under the Parental Kidnapping Protection Act (28 U.S.C.A. § 1738A(c)(2)(C)) and grant sole custody to her so that she may grant power of attorney over the children to her parents here in American Samoa. This issue is not properly before us; we granted this expedited hearing to assess the legality of Petitioner's extradition, and only the validity of her extradition. Accordingly, we decline Petitioner's request.

█ Second, Petitioner requests that she be released on her own recognizance pending extradition. This request is also declined. Our statutes empower the executive to authorize arrest and custody prior to extradition.[8] It is so ordered.

---

[8] *Cf.* A.S.C.A. § 46.0917. The question of bail or the appropriateness of bail was not raised here.